STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO.
                                                  AP-03-023; AP-03-053



PETER R. WAITE

              Petitioner

        v.                                        ORDER ON
                                                  RESPONDENT'S
                                                  MOTION TO DISMISS

MAINE DEPARTMENT OF
HEALTH AND HUMAN
SERVICES

              Respondent


        Before the court is Respondent State of Maine, Department of Health and

Human Services' ("DHHS") motion to dismiss Petitioner Peter R. Waite's

("Petitioner") consolidated 80C appeals[1] insofar as they seek review of decisions

rendered by the DHHS with respect to Petitioner prior to February 28, 2003.

Also before the court is Petitioner's motion for procedural orders (1) to compel

DHHS to expand the record to include transcripts of November 24, 1999,

February 24, 2000, and March 29, 2000 hearings and decisions resulting

therefrom, (2) to allow Petitioner six months to conduct discovery relating to his

appeal, and (3) to stay all proceedings until discovery has been completed and

the record has been supplemented as requested. Petitioner also asks that the

court consider remanding his consolidated appeals to DHHS, instructing it to

---

[1] AP-03-023, filed on March 27, 2003, nominally appeals a February 28, 2003 DHHS order, while also contesting June 20, 2000 and November 17, 2000 DHHS orders. AP-03-053, filed on August 15, 2003, nominally appeals a July 16, 2003 DHHS decision, while also contesting all prior DHHS orders and decisions affecting Petitioner. On October 19, 2005, pursuant to Petitioner's motion under Rule 41(b)(1) of the Maine Rules of Civil Procedure, this court retained and consolidated these appeals.

1

conduct "full hearings" on whether Petitioner's ex-wife fraudulently received public assistance child support while living with Petitioner.

## BACKGROUND

On February 19, 2003, DHHS held a hearing at Petitioner's request. The transcript of this hearing establishes that two issues were before the hearing officer. *See* AP-03-023 Record Exhibit D at 4-6. The first issue was Petitioner's opposition to a DHHS Notice of Intention to Withhold Income Tax Refund. This notice was issued following its June 20, 2000[2] and November 17, 2000[3] decisions, affirming that Petitioner owed the state $38,152 in past due child support payments from 1993 through 2000. The second issue was Petitioner's request for modification of the June 20 and November 17, 2000 decisions. In addition to their assessment of Petitioner's net debt for past support, these decisions required Petitioner to pay ongoing child support in the amount of $155 per week. Petitioner requested relief from these ongoing payments, asserting that as of January 24, 2003, his children had begun living with him.

DHHS granted Petitioner's second request, but did not address his opposition to the Notice of Intention to Withhold Income Tax Refund in its decision. The transcript reveals that this issue was set aside because the basis of Petitioner's opposition to the Notice was that he disagreed with the amount the Notice stated he owed to DHHS in past due support payments. AP-03-023 Record Exhibit D at 8. Petitioner acknowledged that he had not appealed the November 17, 2000 decision finalizing this amount, *id.* at 12, and the hearing

---

[2] The June 28, 2000 decision was a response to Petitioner's request that DHHS set aside a September 17, 1999 default decision. Hearings pursuant to this request were held on November 24, 1999, February 24, 2000, and March 29, 2000, and the administrative record remained open until May 22, 2000 for the parties to supply additional information regarding a child support order for another child and the incomes of the parents.

[3] The November 17, 2000 decision was an appeal of the June 28, 2000 decision, and affirmed its findings. The petitioner did not appeal this decision.

2

officer explained to Petitioner that he did not have the authority to change a support order that had not been appealed. *Id.* at 12-13. Nonetheless, Petitioner submitted a copy of a protection from abuse complaint, filled out by Petitioner's then wife on April 11, 2002, stating that she and the children had lived in Casco, Maine with Petitioner from 1996 through September, 2001. Petitioner asserted that this new evidence demonstrated that the past due child support calculation included in the June 28 and November 17, 2000 decisions was erroneous.

Petitioner timely appealed this February 19, 2003 decision in AP-03-023. Meanwhile, Petitioner's ex-wife administratively appealed the February 28, 2003 decision terminating Petitioner's ongoing $155 per week child support obligation. DHHS overturned the termination of Petitioner's ongoing child support obligation, finding that the District Court had assumed jurisdiction over the matter of Petitioner's child support obligations by adopting the June 20, 2000 administrative decision. AP-03-053, Exhibit A at 3. Accordingly, it determined that it did not have jurisdiction thereafter to modify the order and rescinded the February 28, 2003 decision. Petitioner timely appealed this decision to Superior Court in AP-03-053.

## DISCUSSION

### I.    DHHS'S MOTION TO DISMISS

In his appeals, Petitioner states, "the Department's prior adverse orders, including those of February 28, 2003; June 20, 2000; and November 17, 2000 are invalid, contrary to law, erroneous, and violative of the proper rights of this Plaintiff." He contends that the Department failed or refused to allow him to call witnesses in support of his claims at these hearings and continued the administrative process and administrative hearings to secure the testimony of his

3

estranged wife against Petitioner. He also appeals as contrary to law DHHS's determination that it lacked jurisdiction to terminate Petitioner's ongoing child support payments. The center of Petitioner's complaint remains his assertion that the amount of child support assessed against him was in error. As elaborated in Petitioner's 80C(e) statement in support of his request for the court to take additional evidence, Petitioner claims that his now ex-wife had defrauded DHHS by applying for and receiving financial assistance from DHHS without his knowledge and while he continued to live with and support her and their children.

DHHS claims that Petitioner is time-barred from asserting any claims with respect to its June 20, 2000 and November 17, 2000 orders, as well as any prior orders, including the default entered on September 17, 1999, and an assessment of child support from June 1, 1989.

It is well established that the periods of appeal statutorily embedded in the steps of administrative review are jurisdictional and mandatory. *McKenzie v. Maine Employment Security Com'n*, 453 A.2d 505, 509 (Me. 1982). Petitioner asserts, however, that his due process rights were violated at the 2000 hearings. He asserts that DHHS refused to allow him to call witnesses in his defense, and unreasonably continued the hearings related to these decisions for the purpose of obtaining adverse testimony from his estranged wife. However, these defects in the administrative process would have been readily apparent to Petitioner at the time of the hearings, so his delay in appealing these decisions is not excusable due to recent discovery. Nor does Petitioner assert that he was not given notice of the 30-day appeal period or an opportunity to present an appeal within the statutorily prescribed period. Petitioner's failure to appeal the June 28 and November 17, 2000 decisions within the applicable time period renders these

4

decisions unreviewable. To the extent Petitioner's 80C appeal requests review of the September 17, 1999 default or June 1, 1989 order, the same analysis applies. Accordingly, Respondent's motion to dismiss Petitioner's 80C appeals insofar as they request review of DHHS decisions and orders entered prior to February 28, 2003, is GRANTED.

## II.    PETITIONER'S MOTION FOR PROCEDURAL ORDERS

As a result of the court's determination on Respondent's motion to dismiss, Petitioner's request to compel DHHS to expand the record to include transcripts of November 24, 1999, February 24, 2000, and March 29, 2000 hearings and decisions resulting therefrom is denied.

In connection with his request for six months to conduct discovery relating to his appeal, Petitioner has submitted a detailed statement in the nature of an offer of proof. In this statement, Petitioner asserts that discovery will reveal that, while he was living with and supporting both his then wife and children, she fraudulently received public assistance for support of their children and actively hid from him her receipt of such. He also asserts that discovery will support his claims that DHHS continued the "substantive" hearings to persecute him, and to obtain adverse testimony from his then estranged wife. Petitioner's reference to DHHS's actions in respect to the "substantive" hearings indicates that his offer of proof relates to the hearings held in connection with the determination and affirmation of the amount of past due child support owed by him. This issue was not before the hearing officer at the hearings related to the February 28, 2003 or July 16, 2003 decisions. Nor is evidence relating to his wife's fraud material to the issues on appeal from these decisions. Accordingly, Petitioner's request for six months to conduct discovery is denied.

As DHHS will not be required to supplement the record, nor will Petitioner be conducting discovery, Petitioner's request to stay all proceedings until discovery has been completed and the record has been supplemented is also denied.

Nor will the court remand Petitioner's consolidated appeals to DHHS for hearings on whether Petitioner's ex-wife fraudulently received public assistance child support while living with Petitioner. The February 28, 2003 and July 16, 2003 decisions cannot properly encompass this question, as they do not assess or affirm past due child support owed by Petitioner.

The entry is:

> Respondent's motion to dismiss Petitioner's 80C claims to the extent they request review of DHHS decisions and orders entered prior to February 28, 2003, is GRANTED. Petitioner's requests for procedural orders for (I) expansion of the record, (II) a period of discovery, (III) a stay and (IV) remand to DHHS are DENIED.

The notice and briefing schedule on the merits of Petitioner's consolidated 80C appeals shall be:

> Petitioner's brief due: Monday, February 13, 2006.
>
> Respondent's brief is due 30 days after service of the brief by Petitioner.
>
> Reply brief due 14 days after service of the brief by Respondent.
>
> The Court will schedule oral argument on the appeals on the first available hearing date thereafter.

Dated at Portland, Maine this 27th day of January, 2006.

Robert E. Crowley
Justice, Superior Court

6

Date Filed 03-27-2003    Cumberland           Docket No. AP-03-23
                         County                    cons. w/AP-03-53

Action 80C Appeal

PETER R. WAITE                      DEPARTMENT OF HUMAN SERVICES
                                    DIANE WAITE

                              vs.

Plaintiff's Attorney                Defendant's Attorney
David S. Turesky, Esq.              Carlos Diaz
477 Congress Street                 Assistant Attorney General
Suite 400                           6 State House Station
Portland, ME 04101-3409             Augusta, Maine 04333-0006
(207) 772-7120                      (207)941-3070

Date of
Entry